# Ray Anthony BUTLER, Petitioner–Appellee,

v.

# R.J. HERNANDEZ, Warden, Respondent–Appellant.

No. 02–56683.

D.C. No. CV–02–00073–GAF.

United States Court of Appeals, Ninth Circuit.

Submitted Dec. 8, 2003.[*]

Decided Dec. 15, 2003.

Michael A. Younge, Esq., Michael A. Younge Law Offices, Anaheim Hills, CA, for Petitioner–Appellee.

---

[*] This panel unanimously finds this case suitable for decision without oral argument. *See* Fed. R.App. P. 34(a)(2).

[**] This disposition is not appropriate for publication and may not be cited to or by the courts of this circuit except as provided by Ninth Circuit Rule 36–3.

[*] This panel unanimously finds this case suitable for decision without oral argument. *See* Fed. R.App. P. 34(a)(2).

**220**

Peter Quon, Jr., Esq., AGCA–Office of the California Attorney General, San Diego, CA, for Respondent–Appellant.

Before GOODWIN, WALLACE and TROTT, Circuit Judges.

MEMORANDUM **

Warden R.J. Hernandez appeals the district court's judgment granting state prisoner Ray Anthony Butler's 28 U.S.C. § 2254 habeas corpus petition on the ground that Butler's 25–years–to–life sentence for petty theft with a prior pursuant to California's three-strikes law constitutes cruel and unusual punishment in violation of the Eighth Amendment. In light of the Supreme Court's decisions in *Lockyer v. Andrade*, 538 U.S. 63, 123 S.Ct. 1166, 1172–75, 155 L.Ed.2d 144 (2003) (holding that state court's affirmance of two consecutive 25–years–to–life sentences for petty theft with a prior was not contrary to or an unreasonable application of federal law), and *Ewing v. California*, 538 U.S. 11, 123 S.Ct. 1179, 1190, 155 L.Ed.2d 108 (2003) (holding that a 25–years–to–life sentence under the California three-strikes law did not violate the Eighth Amendment's prohibition on cruel and unusual punishment), the district court's judgment is reversed.

REVERSED.

** This disposition is not appropriate for publication and may not be cited to or by the courts of this circuit except as provided by Ninth Circuit Rule 36–3.

* This panel unanimously finds this case suitable for decision without oral argument. *See* Fed. R.App. P. 34(a)(2).